On Rehearing.
Howekd, J.
On the rehearing of this cause, the counsel of Alter present the only point involved, in the following form:
“ Whatever rights existed in Moore & Browder before the suit, were transferred to Alter by the fact of their filing a suit for his use and benefit;” and they contend that this point has been expressly decided in the ease of Fowler, for the use of McNair, v. Thompson, 5 M. 561. That suit was instituted against the real obligor, and was founded on a contract of affreightment made by and in the name of Fowler, who, in the petition, declared that he acted as agent of McNair; but the contract being in the name of Fowler, and every one deemed to stipulate for himself, unless the contrary be expressed, or result from the nature of the agreement, McNair could not act without the assistance of Fowler; and the Court considered the latter’s declaration, that he sued for the use of McNair, as amounting under the circumstances, to a relinquishment and transfer of his own right to McNair, and sufficient to enable the latter to appear in the case as the real plaintiff.
The facts in the case before us are quite different. Moore & Browder declare on a contract, personal to themselves, made as factors with a cotton planter, (not a party to the suit) by virtue of which they seek to get the possession of cotton belonging to said planter, but illegally, as they allege, in the hands of the defendant, another factor. There is nothing in the petition which, in our opinion, implies that Moore & Browder had transferred, or ever intended transfer to Alter, their privileged claim upon said cotton, which is the real basis of this action, and on which alone the proceedings against defendant can be maintained, if at all. The only interest disclosed in Alter is his ownership of a draft drawn by the said planter on and accepted by Moore & Browder under their said contract, and which they allege was to be paid out of the cotton, sequestered upon their bond and affidavit, in the hands of defendant. Their prayer is, that the cotton be delivered to them, not to Alter, to pay the draft held by the latter, and an account which they allege is due them, and for a portion of which they swear that they have a privilege on said cotton. The allegations of the petition, taken together, show what the parties meant by the expression, “for the use of Alter,” that Moore & Browder would sell the cotton to pay their acceptance held by Alter—an incident in the main suit and not such an agreement as to make him the real plaintiff, and give him the control of this suit. Moore & Browder, being the real actors, have the right to dismiss their demand, which, according to the allegations of the petition, leaves nothing to sustain any right in Alter to be prosecuted in this proceeding. What may be their responsibility to him, growing out of such dismissal, or what rights he may have against said defendant in another action, need not here be considered.
We would remark that the difficulty which we met, but is not urged, in *534 disposing readily of the case, is technical in its nature. But the issue before us has been confined to Alter and the defendant, the only parties making appearance, and we have passed upon the question presented in argument—-whether or not Alter is the transferree or assignee of Moore & Browder’s rights as against Bres, the defendant. We think he is not shown to be, and that the right of action, as set forth, being in Moore & Browder, and Alter’s claim being incidental, they have the control of the suit.
The authorities quoted by counsel for Alter are not considered applicable to the facts and pleadings in this case.
It is therefore ordered, that the judgment heretofore rendered by us remain undisturbed.